# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **MICHAEL HENDLEY, DEMETRIUS SMITH, JR., as administrator for the estate of CRYNDOLYN HANKINS**,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br><br>Defendant. | Civil Action No. 7:17-CV-195 (HL) |

## ORDER

Plaintiffs Michael Hendley and Demetrius Smith, Jr., as the administrator for the estate of Cryndolyn Hankins, filed this lawsuit pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401, 2671-2680, against Defendant the United States of America[1] to recover damages sustained from a motor vehicle accident in Lowndes County, Georgia. Defendants now move the Court to dismiss Plaintiffs' claims as time-barred. For the following reasons, the Court GRANTS Defendant's Motion to Dismiss. (Doc. 10).

---

[1] Plaintiffs' Complaint names as defendants Paul Logan Garey and the Department of the United States Air Force. (Doc. 1). Plaintiffs filed a motion to substitute the United States as the proper party defendant. (Doc. 12). The United States does not dispute that it is the proper defendant and filed an appropriate Notice of Substitution. (Doc. 13). Plaintiffs' Motion for Leave to Amend accordingly is DENIED AS MOOT.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that on or about August 23, 2016, they were traveling along Fry Street in Lowndes County, Georgia. (Doc. 1, ¶ 1). As Plaintiffs' vehicle approached the intersection of Fry Street and East Hill Avenue, Paul Logan Garey, who was traveling along East Hill Avenue, collided with their vehicle. (Id. at ¶¶ 8-9). Plaintiffs contend that the accident occurred as a result of Garey's negligent and unlawful failure to obey a traffic signal. (Id. at ¶ 9). Plaintiffs claim that the accident caused them to suffer bodily injury, property loss, and other damages. (Id. at ¶¶ 10, 12).

Following the accident, Plaintiffs, through counsel, filed an administrative tort claim with the United States Air Force as required the FTCA. By letter dated March 13, 2017, the Air Force denied Plaintiffs' claims. (Doc. 10-1, p. 1). The letter was properly addressed to Plaintiffs' counsel and was mailed via certified mail, return receipt requested. (Id. at p. 2-3). The letter advised Plaintiffs that, "[i]f they are dissatisfied with this decision, they may file suit in an appropriate United States District Court no later than six months after the date of the mailing of this letter." (Id. at p. 1). Plaintiffs subsequently filed suit in this Court on November 20, 2017. (Doc. 1).

## II. MOTION TO DISMISS STANDARD

When reviewing a motion to dismiss, the court shall accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed

in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271,1273 n.1 (11th Cir. 1999). The court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682 (1946)). Accordingly, to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A court "generally may not look beyond the pleadings" to consider extrinsic documents when ruling on a motion to dismiss. United States ex rel. Osheroff v. Humana, Inc., 776 F.3d 805, 811 (11th Cir. 2015). However, "a district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the plaintiff's claim and (2) its authenticity is not challenged." Id. Defendant here attached to its motion to dismiss a copy of the certified letter sent to Plaintiffs notifying them of the denial of their claim. (Doc. 10-1, p. 1). Because the timing of this notice is central to Defendant's argument that Plaintiffs' claims should be barred for failure to file their lawsuit timely, and because Plaintiffs have not

otherwise challenged the authenticity of the letter, the Court concludes that it may consider the letter.

## III. ANALYSIS

It is well-settled that the "United States, as sovereign, is immune from suit save as it consents to be sued." Mid-South Holding Co. v. United States, 225 F.3d 1201, 1203 (11th Cir. 2000) (quotation marks and citation omitted). "'The FTCA is a specific, congressional exception' to the United States' sovereign immunity for tort claims, under which the government may 'be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government.'" Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994)). The waiver "must be scrupulously observed, and not expanded by the courts." Id. (quotation marks omitted).

The United States placed a condition on its waiver of sovereign immunity for claims brought under the FTCA by enacting a specific limitations period:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Section 2401(b) "is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat the obvious purpose, which is to encourage the prompt

presentation of claims." Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir. 2001) (quoting United States v. Kubrick, 444 U.S. 111, 117 (1979)). Courts construing the FTCA's statute of limitations therefore should not "extend the waiver beyond that which Congress intended." Id. (quotation marks omitted).

Plaintiffs' claims against the United States arose on August 23, 2016, the date of the collision, and they timely presented their claims to the proper agency shortly thereafter. However, once the agency issued the final denial letter on March 13, 2017, Plaintiffs failed to abide by the requirement that they file any lawsuit within six months. Instead, Plaintiffs waited until November 20, 2017 – more than eight months after the final agency decision.

Plaintiffs first suggest that their claims should not be dismissed because they filed suit prior to the expiration of the two-year statute of limitations established by § 2401(b). But this argument reflects a clear misreading of the statute. Despite the word "or" appearing in the middle of the statute, § 2401(b) plainly has two separate timing components, both of which must be satisfied in order to pursue a tort claim against the United States. First, the claim must be presented to the appropriate agency within two years of the claim accruing. 28 U.S.C. § 2401(b). Then, if the agency denies the claim, the plaintiff has six months from the date of the denial letter to file a lawsuit. Id. The fact that Plaintiffs in this case filed their lawsuit within two years is of no consequence. What the statute mandates is that the claim be submitted to the agency within

two years, which Plaintiffs indisputably did. Plaintiffs' case is in peril now because of their failure to abide by the second limitations period requiring that they pursue any judicial action within six months following the agency denial.

Plaintiffs' reliance on <u>Adams v. United States</u>, 615 F.2d 284 (5th Cir. 1980), is equally misplaced. The question presented in <u>Adams</u> was whether the plaintiffs had provided sufficient notice of their claims to the agency in accordance with 28 U.S.C. § 2675, not whether their claims were timely. 615 F.2d at 287. Defendant here argues that Plaintiffs' claims should be dismissed because they did not file their lawsuit within six months of their claims being denied, not because they did not properly present their claims to the appropriate agency. The reasoning in <u>Adams</u> therefore has no bearing on this case.[2]

In a final effort to save their claims from dismissal, Plaintiffs argue that the statute of limitations should be equitably tolled. The "FTCA's time bars are nonjurisdictional and subject to equitable tolling." <u>United States v. Kwai Fun Wong</u>, 135 S. Ct. 1625, 1638 (2015). Nevertheless, "[f]ederal courts have typically extended equitable relief only sparingly." <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990). "Equitable tolling is appropriate when a movant

---

[2] Plaintiffs additionally reference the United States Air Force Tort and Claims Action Officer Handbook, which Plaintiffs contend establishes how the Air Force, in particular, evaluates tort claims during the administrative process. Plaintiffs mention the handbook in relation to their argument that the underlying administrative investigation was somehow deficient. Again, what transpired at the administrative level does not in any way alter the statutory mandate that a lawsuit be filed within six months of the agency denying any claim.

untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." Motta ex rel. A.M. v. United States, 717 F.3d 840, 846 (11th Cir. 2013) (quotation marks omitted).

Plaintiffs state that Cryndolyn Hankins passed away on October 3, 2016, of causes unrelated to this lawsuit. An administrator for Hankins' estate was not established until August 2, 2017, well after Plaintiffs first notified the relevant agency of their potential claims.[3] Plaintiffs argue that the statute of limitations should be tolled for the period of time between Ms. Hankins' death and the appointment of an administrator pursuant to O.C.G.A. § 9-3-92.[4] But a state tolling provision does not impact a statute of limitations established by federal law. See Phillips v. United States, 260 F.3d 1316, 1319 (11th Cir. 2001) (holding that Georgia's renewal statute does not alter the FTCA's statute of limitations); see also Ramos v. U.S. Dep't of Health & Human Servs., 429 F. App'x 947, 952 (11th Cir. 2011) (explaining that "[t]he limitations period is set by the FTCA" and, therefore, a Florida statute permitting a ninety-day extension in the limitations period is not applicable); Mendiola v. United States, 401 F.2d 695, 698 (5th Cir.

---

[3] Plaintiffs reference an "Exhibit C" in their response to Defendant's motion, which purportedly is a copy of the letters of administration issued by the Lowndes County Probate Court. However, Plaintiffs neglected to attach the document to their brief. Plaintiffs also have not indicated when the petition for letters of administration was filed.

[4] O.C.G.A. § 9-3-92 provides: "The time between the death of a person and the commencement of representation upon his estate . . . shall not be counted against his estate is calculating any limitation applicable to the bringing of an action."

1968) ("The incorporation of diverse state tolling provisions into section 2401(b) would undermine the uniform application of the two-year period for filing suit just as effectively as would incorporation of state laws for the accrual of a cause of action.").

Plaintiffs have not otherwise established extraordinary circumstances justifying the tolling of the limitations period mandated by § 2401(b). Ms. Hankins passed away shortly after the filing of the administrative claim and several months prior to the issuance of the final denial notice on March 13, 2017. Additionally, Plaintiffs represent that an administrator for Ms. Hankins' estate was established on August 2, 2017, slightly more than one month prior to the expiration of the six-month time period for filing their lawsuit in federal court. Plaintiffs have not demonstrated why, even with diligence, they could not file their lawsuit by the September deadline. Plaintiffs' claims, therefore, are not subject to equitable tolling.

## IV. CONCLUSION

Finding that Plaintiffs failed to file their Complaint within six months of the final agency decision denying their claims as required by 28 U.S.C § 2401(b), the Court GRANTS Defendant's Motion to Dismiss. (Doc. 10).

**SO ORDERED** this 22nd day of February, 2019.

<u>*s/ Hugh Lawson*</u>
**HUGH LAWSON, SENIOR JUDGE**

8